IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TITUS HENDERSON,

                                    Plaintiff,

        v.

BETSY DEVOS, CATHY A. JESS, K. JELLE,                    OPINION and ORDER
VICKI SEBASTIAN, DOE PRES. CORRECTION
EDUC. ASSOC., DOE PRES. MATC,                            18-cv-713-jdp
DOE PRES. UNIV. OF WIS. SYSTEM, UNITED
STATES DEPARTMENT OF EDUCATION,
WISCONSIN DEPARTMENT OF CORRECTIONS,
MILWAUKEE AREA TECHNICAL COLLEGE,
UNIVERSITY OF WISCONSIN SYSTEM, and
CORRECTIONAL EDUCATION ASSOCIATION,

                                    Defendants.

        Plaintiff Titus Henderson, appearing pro se, alleges that federal, state, and private

officials developed college correspondence courses for prisoners that discriminated against him

based on his age: the programs were limited to inmates age 35 or under. I granted him leave to

proceed with the following claims:

- An Age Discrimination Act claim against defendants United States Department of
  Education, Wisconsin Department of Corrections, Milwaukee Area Technical
  College, University of Wisconsin System, and Correctional Education Association
  for working together to create college correspondence courses limited to inmates 35
  or younger.

- Individual-capacity and official-capacity Fourteenth Amendment equal protection
  claims against defendants Cathy A. Jess, K. Jelle, Vicki Sebastian, Doe president of
  Milwaukee Area Technical College, Doe president of the University of Wisconsin
  System, and Doe president of Correctional Education Association for collaborating
  on creating the discriminatory policies, and against Sebastian and Jess for directly
  denying his requests to take the "College of the Air" program.

- An individual-capacity Fifth Amendment equal protection claim against defendant
  Betsy DeVos under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
  403 U.S. 388 (1971) for collaborating on creating the discriminatory policies.

Motions to dismiss have been filed by (1) Milwaukee Area Technical College (MATC), Dkt. 19; (2) the UW System's Board of Regents and Andrew Petersen, the current board president, Dkt. 23;[1] and (3) the United States Department of Education and Betsy DeVos, the current secretary of that department, Dkt. 42. In response, Henderson seeks to amend his complaint.

The briefing shows that Henderson failed to give proper pre-lawsuit notice of his Age Discrimination Act claim to all of the individuals who he was required to notify under the act, so I will dismiss that claim. I'll deny the University of Wisconsin System's motion to dismiss the equal protection claim against its Doe-defendant president because the state's arguments are premised on it having correctly identified the Doe defendant as Board of Regents President Andrew Petersen, and it is not clear at this stage of the case that Petersen is in fact the correct identity of that Doe defendant. I'll grant defendant DeVos's motion to dismiss the *Bivens* claim against her because the scope of *Bivens* does not extend to the circumstances of this case. I will not allow Henderson to amend his complaint because his proposed amendment is too difficult to follow and it doesn't appear to state new claims for relief, and because Henderson has not explained why he was waited so long to amend his complaint.

---

[1] The briefing from the UW System Board of Regents spells its president's last name as "Peterson." The board's website spells it as "Petersen," so I'll use that spelling here. *See* https://www.wisconsin.edu/regents/about-the-regents/.

MOTIONS TO DISMISS

## 1. Age Discrimination Act claim

The Age Discrimination Act, 42 U.S.C. § 6102, provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." A claim under the act is one for injunctive relief only, to stop a violation occurring within a federally funded program. *See* 42 U.S.C. § 6104(e) ("Injunctions; notice of violations; costs; conditions for actions"); *see also, e.g.*, *Sheskey v. Madison Metro. Sch. Dist.*, No. 12-cv-488-wmc, 2015 WL 881393, at *4 (W.D. Wis. Mar. 2, 2015) (act does not create private cause of action for damages). Here, Henderson alleges that all of the defendants on this claim partnered in creating the discriminatory correspondence-course program limiting enrollment to prisoners 35 or under.

Both MATC and the University of Wisconsin System seek dismissal of Henderson's Age Discrimination Act claim because he failed to exhaust his administrative remedies and he failed to provide proper pre-lawsuit notice. A plaintiff seeking to bring an Age Discrimination Act claim must first exhaust the claim by filing an administrative grievance with the Department of Education, 42 U.S.C. § 6104(e)–(f); 34 C.F.R. § 110.31 The plaintiff must also notify the defendants, the secretary of Health and Human Services and the United States attorney general by registered mail more than 30 days before filing the lawsuit. *See* Section 6104(e)(1).

In his original complaint, Henderson did not plead that he met either of these requirements. In response to the motions to dismiss, Henderson filed a proposed amended complaint addressing both requirements, Dkt. 47, along with a declaration and a handful of

3

exhibits, at least one of which is aimed at showing that he properly filed an administrative grievance. *See* Dkt. 48 and Dkt. 48-1. But I need not consider the exhibits or the administrative grievance argument, because Henderson's allegations about his efforts to meet the notice requirement dooms his claim.

Henderson now alleges that at least two different times he sent notice of his pending claims to the secretary of the Department of Education, the MATC president, the president of the UW System, and the United States attorney general.[2] *See* Dkt. 47, at 6–7. But he does not allege that he sent that notice to the secretary of Health and Human Services as is required under § 6104(e). Therefore, Henderson cannot proceed on an Age Discrimination Act claim to enjoin the program's age limit. *See, e.g.*, *Pramuk v. Purdue Calumet Univ.*, No. 2:12-CV-77, 2012 WL 6552920, at *6 (N.D. Ind. Dec. 14, 2012); *Pullen-Walker v. Roosevelt Univ.*, No. 05 C 5648, 2006 WL 1843364, at *6 (N.D. Ill. June 28, 2006); *Popkins v. Zagel*, 611 F. Supp. 809, 812 (C.D. Ill. 1985) (all dismissing Age Discrimination Act claims for failure to comply with notice requirement). So I will grant MATC's and University of Wisconsin System's motions to dismiss the claim.

Henderson has filed a motion asking for a hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), to resolve the exhaustion question. Dkt. 52. But I am dismissing his Age Discrimination Act claim on the notice requirement, not the exhaustion requirement. And none of defendants' motions to dismiss raise the issue whether Henderson properly exhausted his

---

[2] Henderson also argues that defendants DeVos, Petersen, and Doe MATC president waived the exhaustion argument by failing to raise it in their respective answers. But those individuals are not defendants on the Age Discrimination Act claim.

constitutional claims. Because there is no reason to hold a *Pavey* hearing, I'll deny Henderson's motion for one.

### 2. Equal protection claims

#### a. Andrew Petersen

That leaves the arguments for dismissal raised by the individual defendants. I granted Henderson leave to proceed on individual- and official-capacity equal protection claims against several federal, state, and private officials. One of those officials is the "John or Jane Doe" president of the University of Wisconsin System. I told Henderson that at the court's preliminary pretrial conference, Magistrate Judge Stephen Crocker would explain the process for Henderson to use discovery requests to identify the names of the Doe UW System president and the other Doe defendants and to amend the complaint to include the proper identities of these defendants. Dkt. 7, at 6. The court will hold that conference after the motions to dismiss have been resolved.

But the state has already concluded that the identity of this Doe defendant is Andrew Petersen, the current president of the UW System Board of Regents. Petersen asks for dismissal on the individual- and official-capacity claims because Henderson doesn't explain how Petersen was personally involved in a decision denying Henderson the ability to take correspondence courses because of his age or explain how Petersen could intervene to stop such a denial now; he argues that it would be the Department of Corrections' call to allow an older prisoner to take a correspondence course.

Petersen is almost certainly correct that Henderson doesn't explain *Petersen's* personal involvement in the past denials of Henderson's applications to correspondence classes, because Henderson was denied placement in college-correspondence courses several years ago. From

publicly available information, Petersen has been the president of the Board of Regents since 2019.[3] But from the record before me, it was the state who advanced Petersen as the identity of the Doe defendant, not Henderson. In Henderson's proposed amended complaint, he does include Petersen and the Board of Regents as defendants, but he appears to have done so only because those are the UW defendants who filed an appearance. In his contemporaneous brief opposing the motions to dismiss, he says that "counsel cooperation is nonexisting as to identity," which I take to be a statement that he hasn't been able to figure out the proper identity of this Doe defendant. Dkt. 48, at 8. It's not even clear that Petersen's position—the president of the Board of Regents—is the one Henderson means to sue: he named the "Pres./Chair of Univ. of Wisconsin System" as a defendant in his original complaint, and the president of the University of Wisconsin System is currently Ray Cross.[4] So I'm not going to grant the motion to dismiss the UW defendant on the theory that Petersen is the wrong person; Henderson is still entitled to use discovery to figure out who he means to name for the Doe defendant. It may be more than one person, depending on who held the position at the applicable times.

As for the argument that the DOC, not the UW defendant, is responsible for the constitutional violation and would be the party to seek an injunction against, that isn't an issue that can be resolved at the motion-to-dismiss phase. Henderson alleges that defendants worked together to create a correspondence-course program—including UW courses—limited to inmates 35 or under. That means that the UW decision-maker could be liable for instances of

---

[3] *See* https://www.wisconsin.edu/regents/presidents-of-the-board-of-regents/.

[4] *See* https://www.wisconsin.edu/president/.

past harm and could be involved in injunctive relief. Those facts will become clearer at the summary judgment stage. I'll deny the UW defendants' motion to dismiss regarding the Doe defendant.

### b. Betsy DeVos

Secretary DeVos and the Department of Education have filed a motion to dismiss. The department raises its own arguments for dismissal of Henderson's Age Discrimination Act claim but I'll deny that portion of the motion as moot because I'm dismissing the claim for Henderson's failure to comply with the notice requirement. Secretary DeVos moves to dismiss the *Bivens* Fifth Amendment equal protection claim against her because Henderson doesn't allege her personal involvement in the deprivation, because the limited scope of *Bivens* should not be extended to this type of age-discrimination claim, and because she is entitled to qualified immunity. Henderson attempts to amend his complaint to say that he wrote to DeVos warning her about the discriminatory program, so I take him to be saying that she ignored the problem. Regardless whether Henderson could amend his complaint to show DeVos's personal involvement, I will grant DeVos's motion to dismiss because she persuasively argues that I should not recognize a *Bivens* remedy under the circumstances of this case.

In *Bivens* the Supreme Court recognized an implied cause of action for damages against federal officers for a constitutional violation. *Engel v. Buchan*, 710 F.3d 698, 703 (7th Cir. 2013). But the Supreme Court has recognized an implied damages remedy under *Bivens* in only three cases: (1) a Fourth Amendment claim against FBI agents for handcuffing a man in his home without a warrant, *Bivens*, 403 U.S. 388; (2) a Fifth Amendment sex discrimination claim against a congressman for firing his female administrative assistant, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim brought by a prisoner's estate against prison

officials for failure to provide adequate medical care for his asthma, *Carlson v. Green*, 446 U.S. 14 (1980). In *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), the Supreme Court expressed concern about further expansion of the implied rights created by *Bivens*, stating that expanding Bivens to a new context is now a "disfavored judicial activity," *id.* at 1857, and concluding that federal courts should not expand *Bivens* actions to reach "new contexts" unless "special factors" counsel otherwise, *id.*, at 1859–60.

The closest of the three approved *Bivens* actions is the *Davis* case, a sex-based employment discrimination case. But the Supreme Court has considered even the expansion of equal protection cases to be a new context, and the Court has rejected expanding *Bivens* to cover new equal protection contexts. *See Abbasi*, 137 S. Ct. at 1863 (race discrimination claims brought by undocumented immigrants detained pending determination whether they had connections to terrorism); *Chappell v. Wallace*, 462 U.S. 296, 297 (race discrimination claims brought against military officers). A significant "special factor" in the *Bivens* analysis is the separation-of-powers between the courts and Congress. *See Abbasi*, 137 S. Ct. at 1857 ("separation-of-powers principles are or should be central to the analysis"). Congress has already passed a variety of anti-discrimination laws, including the Age Discrimination Act directly applicable here, and they do not provide for age-discrimination claims against individuals. So there's no reason to think that *Bivens* should be extended to cover Henderson's claim against DeVos where the Age Discrimination Act and various other anti-discrimination laws already exclude it. I will grant the federal defendants' motion to dismiss the claim against DeVos.

AMENDED COMPLAINT

Henderson has filed a proposed amended complaint, Dkt. 47. Henderson does not include a formal motion for leave to amend, instead saying that the court has authorized him to file an amended complaint to identify the Doe defendants. *Id.* at 1. It's true that I would allow him to amend his complaint to identify the Doe defendant, but that doesn't appear to be the point of this amended complaint: he identifies only one of the three Does, Andrew Petersen, whom he appears to be naming only because the state first advanced him as the correct party. Instead, Henderson tries to add new defendants and new claims. I'll construe Henderson's proposed amended complaint as containing a motion for leave to amend, and I'll deny the motion.

Under Federal Rule of Civil Procedure 15, I should freely give parties leave to amend their pleadings "when justice so requires." But Henderson's amendment doesn't meet that standard. Henderson doesn't explain why he has waited so long to amend his complaint. And he doesn't explain what he means to change about the lawsuit.

Both Henderson's original and amended complaints are written in a difficult to understand style larded with citations to various federal causes of action but little explanation of how the allegations match up to each of those theories. I discarded most of Henderson's theories in the screening order but now it is unclear if Henderson means to seek reconsideration of the screening order with regard to those theories. Henderson also appears to attempt to add a handful of defendants but not all of them appear in the caption of the amended complaint. The main substantive change is that Henderson now alleges that defendants also discriminated against him based on his race: he says that the correspondence-course age limit was implemented to deny black inmates access to those courses. That bare allegation states an *age*

discrimination claim but it doesn't state a *race* discrimination claim, because there's no plausible reason to think that an age limit would discriminate against black inmates. If Henderson has a rationale to support this claim, he doesn't provide it.

Amended complaints must still comply with Federal Rule of Civil Procedure 8 by including "a short and plain statement of the claim showing that the pleader is entitled to relief" so that "a court or opposing party [can] understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). With his proposed amended complaint, it's unclear what claims Henderson means to press against which opposing parties, or even who he intends as the opposing parties. And he hasn't properly explained the basis for his race discrimination claims. So I'll deny his motion for leave to amend his complaint.

Like any party, Henderson is free to ask for leave to amend again, but if he chooses to do so, he should do it as soon as possible, and he should explain why the interests of justice require allowing him to expand the scope of the case. He'll also have to fix the problems I've outlined above. Also, instead of filing an entire proposed amended complaint, he should file a proposed supplement to the complaint, explaining only what claims or defendants he wants to add to the already-existing case.

CONCLUSION

I am dismissing Henderson's Age Discrimination Act claim and his *Bivens* claim against defendant DeVos. But I am denying the state's motion to dismiss his claims against the Doe UW System president. That means that the case will proceed with Henderson's individual-capacity and official-capacity equal protection claims against defendants Jess, Jelle,

Sebastian, Doe president of Milwaukee Area Technical College, Doe president of the University of Wisconsin System, and Doe president of Correctional Education Association for collaborating on creating the discriminatory policies, and against Sebastian and Jess for directly denying his requests to take the "College of the Air" program.

## ORDER

IT IS ORDERED that:

1. Defendant Milwaukee Area Technical College's motion to dismiss, Dkt. 19, is GRANTED.

2. Defendants University of Wisconsin System and Andrew Petersen's motion to dismiss, Dkt. 23, is GRANTED in part.

3. Plaintiff Titus Henderson's Age Discrimination Act claim is DISMISSED.

4. Plaintiff's motion for a *Pavey* hearing, Dkt. 52, is DENIED.

5. The federal defendants' motion to dismiss, Dkt. 42, is GRANTED in part; plaintiff's *Bivens* claim against defendant DeVos is DISMISSED.

6. Plaintiff's motion for leave to amend his complaint, Dkt. 47, is DENIED.

7. Defendants DeVos, United States Department of Education, Wisconsin Department of Corrections, Milwaukee Area Technical College, University of Wisconsin System, and Correctional Education Association are DISMISSED from the case.

Entered March 24, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge