IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                    Plaintiff,

        v.

CATHY A. JESS, KRISTEY JELLE,                          OPINION and ORDER
VICKI SEBASTIAN,
SUSAN LOCKWOOD-ROBERTS,                                   18-cv-713-jdp
DOE PRES. CORRECTION EDUC. ASSOC.,
DOE PRES. MATC, and
DOE PRES. UNIV. OF WIS. SYSTEM,

                    Defendants.

---

Plaintiff Titus Henderson, appearing pro se, alleges that state and private officials developed college correspondence courses for prisoners that discriminated against him based on his age: the programs were limited to inmates age 35 or under. Following my order partially granting motions to dismiss filed by various sets of defendants, *see* Dkt. 53, Henderson now proceeds only on equal protection claims under the Fourteenth Amendment to the United States Constitution. The parties have filed several motions that I will address below.

**A.  DOC defendants' motion to amend answer**

The defendants associated with the Wisconsin Department of Corrections seek to amend their answer to include a statute of limitations defense, stating that their investigation into the history of the correspondence courses leads them to believe that they may be able to assert that defense later in the case. *See* Dkt. 63.

The Federal Rules of Civil Procedure adopt a liberal standard for amendments: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard "require[s] a district court to allow amendment unless there is a good reason—futility, undue

delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015). The court of appeals has explained that "'prejudice' is a reduction in the plaintiff's ability to meet the defense on the merits—if, say, a witness has died, or documents have been destroyed, during the time between when the defense should have been raised and when it was actually raised." *Glob. Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015).

On the face of it, there isn't a reason to say that the DOC defendants acted with undue delay or that Henderson is prejudiced by the amendment. But Henderson responds that he has been prejudiced because counsel for the DOC defendants has ordered "prison guards to confiscate/destroy all files/documents to prevent opposing summary judgment," and he says that counsel admitted this to Magistrate Judge Peter Oppeneer on September 24, 2019. Dkt. 64, at 2. There isn't a record of this interaction in the docket and Henderson doesn't support this statement with any evidence. In any event it's unclear what this alleged confiscation or destruction of documents has to do with the particular statute of limitations issue at hand. The parties have not suggested that they dispute the relevant dates of the events in this lawsuit. If Henderson seeks the return of specific legal materials directly related to this case, he should talk to prison officials and then file a motion in this court if he's not satisfied with officials' response. Or he may ask the clerk of court for copies of items on this court's docket. But his argument about confiscation of materials isn't a reason to deny the DOC defendants' motion to amend.

Henderson also argues that amendment would be futile because the statute of limitations doesn't apply to his Age Discrimination Act claims regarding ongoing harm. But I've already dismissed his Age Discrimination Act claims for his failure to meet the notice

requirements for those types of claims. *See* Dkt. 53, at 4. And regardless of the Age Discrimination Act claims, a statute of limitations defense could apply to his equal protection claims for money damages. I will grant the DOC defendants' motion to amend their answer.

The DOC defendants also note that none of the individual DOC defendants currently occupy the positions they held at the time of Henderson's complaint, so they have also accepted service for Kevin Carr, Lois Ellis, and Trina Kroening-Skime, the current relevant officeholders. I will add those new defendants to the caption for purposes of Henderson's official-capacity claims.

## B. Henderson's motion to amend complaint

I denied Henderson's previous attempt to amend his complaint, stating that he didn't make clear what he intended to change from his original complaint or add to it, who he intended to name as defendants, or what his basis was for attempting to add race discrimination claims. Dkt. 53, at 9–10. I told Henderson that if he attempted to amend his complaint again, he should file a proposed supplement explaining his additions to the case rather than an entire proposed amended complaint. *Id.* at 10.

Henderson again attempts to amend his claims: he has filed a second proposed amended complaint, Dkt. 66, along with a motion for leave to amend his complaint, Dkt. 67. Some of the proposed amendments concern identification of the various "John or Jane Doe" defendants against whom I granted him leave to proceed. Otherwise, the proposed second amended complaint suffers from many of the same problems as his previous attempt, and it does not follow my previous instructions for Henderson to file only a supplement explaining the specific proposed changes to his claims. But Henderson's separate motion for leave to amend does list specific proposed changes. Below I'll address Henderson's specific proposed amendments and

3

related issues that the parties raise in their briefing. I will treat Henderson's second proposed amendment complaint as the operative pleading, but the scope of the active claims in the case is still defined by the orders that I have issued.

### 1.  Previously dismissed entities

Henderson seeks to add previously dismissed defendants Correctional Education Association, Inc. (CEA), Milwaukee Area Technical College (MATC), and University of Wisconsin System as defendants on his equal protection claims. I previously considered these entities as defendants only on Henderson's Age Discrimination Act claims. When I dismissed those claims, I dismissed those entities as well. *See* Dkt. 53.

Henderson's proposed amendment is futile as to the UW System because the Eleventh Amendment generally bars suits by private citizens against a state entity in federal court, and the UW System is an entity that cannot be directly sued for claims under 42 U.S.C. § 1983. *See* Section 1983 (allowing suits against "persons"); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Although the law is not as well developed regarding MATC's status under these authorities, Henderson would likely be barred from suing it was well. *See Allen-Noll v. Madison Area Tech. Coll.*, No. 18-cv-216-slc, 2018 WL 6834477, at *10 (W.D. Wis. Dec. 28, 2018) (Madison Area Technical College is not a "person" capable of being sued under § 1983).

As for CEA, a private entity, Henderson could sue it under § 1983 because he alleges that CEA worked jointly with state actors and had a "policy or custom" that injured him. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). But I will deny Henderson's motion to add CEA or any of these entities as defendants on his equal protection claims because justice doesn't require doing so under Rule 15. Henderson's request to amend his complaint in this fashion is really a request

4

to reconsider my June 2019 order screening his claims and it comes far too late. His request to add these defendants comes more than a year after I screened his complaint, and this isn't a case where he needed time to conduct discovery or perform further investigation to decide whether to add the entities as defendants on the equal protection claims. The case will proceed with only the individual defendants.

### 2.  Doe CEA presidents

Henderson seeks to add Susan Lockwood-Roberts, the current CEA president, as one of the Doe CEA presidents. I'll grant this request. Lockwood-Roberts has already been added to the caption as a nominal defendant for identifying the identity of the Doe CEA president, so there is no need to serve her with the complaint. Henderson says that Lockwood-Roberts isn't the proper defendant for all of his damages claims for past harm, and he indicates that he hasn't been able to obtain the identity of the past CEA president or presidents because CEA's counsel has "provided [the] wrong address to discovery identity of CEA president." Dkt. 67, at 2. I'll direct the clerk of court to send Henderson a copy of the docket sheet, which includes counsel's most up-to-date address. And I'll give Henderson a final chance to send discovery requests to counsel to obtain the identity or identities of the Doe CEA president for the relevant timeframe. I expect the parties to work this out quickly given the simplicity of the information sought and the short amount of time left in the schedule: Henderson may have until March 5, 2021, to submit discovery requests to Lockwood-Roberts and Lockwood-Roberts may have until March 15, 2021, to respond.

### 3.  Doe MATC presidents

Henderson brings equal protection claims against the Doe MATC president. MATC has identified the current president as Vicki J. Martin as well as naming former presidents Michael

L. Burke and Darnell E. Cole, who served during part of the timeframe Henderson discusses in his complaint. MATC contends that Henderson's motion to amend the complaint to add these defendants should be denied because claims against those individuals would be futile or would not survive a motion to dismiss. MATC argues that Henderson fails to state a claim against the MATC president, but I've already ruled that Henderson did state an equal protection claim against the president for collaborating with other officials on the policy discriminating against prisoners over a certain age. *See* Dkt. 7, at 5–6. MATC also argues that the court doesn't have subject matter jurisdiction over damages claims against state officials sued in their official capacities. But the claims against the MATC presidents are either individual-capacity claims for damages or official-capacity claims for injunctive relief.

MATC makes a few related arguments about the dates of defendants' alleged misdeeds and the statute of limitations. MATC notes that a six-year statute of limitations applied to claims under 42 U.S.C. § 1983 in Wisconsin when Henderson's claims accrued. *See* Wis. Stat. § 893.53 (vers. eff. Jul. 1, 1980 to Apr. 4, 2018); *Cannon v. Newport*, 850 F.3d 303, 305–06 (7th Cir. 2017). They say that Henderson's second proposed amended complaint, filed on June 30, 2020, came too late under the six-year statute of limitations because the latest date he requested to participate in a correspondence course was March 25, 2014. They also raise related arguments about specific portions of Henderson's claims: they say that Martin's first term as president (on an interim basis) ended in 2010, Cole's term as president ended in either 2009 or 2010, and Martin's current stint as president started in July 2014, after Henderson's final request to join the correspondence program.

These arguments aren't fatal to any of Henderson's claims, at least at this stage of the proceedings, prior to summary judgment. To start with, even under defendants' theory of

accrual, Henderson's claims wouldn't accrue from the date of his applications; they would accrue from the date defendants *denied* his applications because of his age. And it's unclear whether all of those dates are outside the statute of limitations. Henderson wasn't required to plead the specific dates of the denials to preemptively ward off a statute of limitations defense. *See Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) ("Complaints need not anticipate defenses; the resolution of the statute of limitations comes after the complaint stage."). Moreover, I do not take Henderson's claims to be limited to the denials of specific requests he made to enroll in correspondence courses. Once Henderson had been denied participation based on his age and defendants continued to maintain the discriminatory policy, there's no reason that Henderson needed to continue filing futile requests to show that he was harmed by the policy. The existence of the policy itself continued to harm Henderson; that's the basis for his official-capacity claims for injunctive relief and it also supports his claims for damages. Different groups of defendants suggest that the allegedly discriminatory policy is no longer in effect, but that's a question of fact to be resolved at summary judgment.

It appears that there may be statute of limitations problems with Henderson's claim against defendant Cole and his claim regarding defendant Martin's first, interim stint as president: the MATC defendants say that Cole's term as president and Martin's interim term ended by 2010, more than six years before even Henderson's initial 2018 complaint. They ask me to consider their discovery response stating defendants' dates of service as part of Henderson's amended complaint so that I can consider those facts even under the motion-to-dismiss standard here. Alternatively they ask me to take judicial notice of the presidents' dates of service as stated on MATC's website. I decline to do so because all of that information is

being provided directly by defendants and I have not converted this matter into a summary judgment motion for Henderson to submit his own evidence of the presidents' terms. This issue is also one that the MATC defendants may raise at summary judgment. I will grant Henderson's motion to amend his complaint to identify the Doe MATC presidents as Martin, Burke, and Cole.

### 4.  Doe UW System president

I previously denied the University of Wisconsin System defendants' motion to dismiss the claims against its president because it seemed clear from the facts that the person the UW System initially identified as its president was not actually the correct identity of the Doe defendant. Dkt. 53, at 5–7. Henderson now says that counsel for the UW System has been uncooperative in helping him to identify the Doe president. As with the Doe CEA president, I'll give Henderson a final chance to send discovery requests to counsel to obtain the identity or identities of the Doe UW System president, using the same deadlines.

### C.  Motion for clarification

Henderson has also filed a motion asking the court to clarify the claims and defendants remaining in the lawsuit. Dkt. 65. I will grant that motion. Taking into account my rulings in this order, Henderson's remaining claims are:

- Individual-capacity Fourteenth Amendment equal protection claims against DOC defendants Cathy A. Jess, Kristey Jelle, and Vicki Sebastian; MATC defendants Vicki J. Martin, Michael L. Burke, and Darnell E. Cole; CEA defendants Susan Lockwood-Roberts and Doe president; and UW System defendant Doe president.

- Official-capacity Fourteenth Amendment equal protection claims against DOC defendants Kevin Carr, Lois Ellis, and Trina Kroening-Skime; MATC defendant Vicki J. Martin; CEA defendant Susan Lockwood-Roberts; and UW System defendant Doe president.

**D. Dispositive motions deadline**

The DOC defendants filed a motion to extend the dispositive motions deadline because of workload concerns, Dkt. 73, which the court has already granted, with a new deadline to be set following resolution of the motions discussed above, Dkt. 75. Given the amendments to Henderson's complaint and the need to resolve two Doe defendants, I will set a new dispositive motions deadline of April 16, 2021.

ORDER

IT IS ORDERED that:

1. The DOC defendants' motion to amend their answer, Dkt. 63, is GRANTED.

2. Plaintiff Titus Henderson's motion for leave to amend his complaint, Dkt. 67, is GRANTED in part as discussed in the opinion above.

3. Plaintiff's motion for clarification, Dkt. 65, is GRANTED.

4. The caption is AMENDED to include as defendants Kevin Carr, Lois Ellis, Trina Kroening-Skime, Vicki J. Martin, Michael L. Burke, and Darnell E. Cole.

5. The clerk of court is directed to forward copies of plaintiff's operative complaint, Dkt. 66, completed summons forms, the court's screening order, Dkt. 7, and this order to the United States Marshal for service on defendants Vicki J. Martin, Michael L. Burke, and Darnell E. Cole.

6. The clerk of court is directed to send plaintiff a copy of the docket sheet.

7. The schedule is AMENDED as stated in the opinion above.

Entered February 23, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

9