IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                        Plaintiff,

    v.

CATHY A. JESS, KRISTEY JELLE,
VICKI SEBASTIAN,
SUSAN LOCKWOOD-ROBERTS,
DOE PRES. CORRECTION EDUC. ASSOC.,
VICKI J. MARTIN, MICHAEL L. BURKE,
DARNELL E. COLE, and
DOE PRES. UNIV. OF WIS. SYSTEM,

                        Defendants.

OPINION and ORDER

18-cv-713-jdp

---

Plaintiff Titus Henderson, appearing pro se, alleges that state and private officials developed college correspondence courses for prisoners that discriminated against him based on his age: the programs were limited to inmates age 35 or under. Henderson is proceeding on equal protection claims under the Fourteenth Amendment to the United States Constitution. The parties have filed several motions that I will address below.

**A. Motion to compel discovery**

Henderson has filed a motion to compel discovery, Dkt. 78, seeking responses from three sets of defendants.

    **1. DOC defendants**

Henderson seeks to compel the Wisconsin Department of Corrections (DOC) defendants to disclose several types of documents, including the contract for the "College of the Air" program from 2007 to 2015, Henderson's correspondence-course screening forms from 2009 to 2015, copies of exhibits from Henderson's complaint for the purpose of authenticating

them, the DOC's Rehabilitation Act and Americans with Disabilities Act certification, documentation of loans or grants used to fund the College of the Air program, and copies of grievances he filed about the program.

The DOC defendants initially responded that Henderson did not attempt to confer with counsel before filing his motion, as required by Federal Rule of Civil Procedure 37(a)(1). The court granted their later motion to strike that portion of their response as incorrect. Dkt. 118. Counsel states that she had neglected to review the transcript of Henderson's deposition, which shows that the parties indeed discussed having the DOC defendants supplement their discovery responses. *See* Dkt. 83 (Henderson's deposition); Dkt. 117 (counsel's declaration). So the DOC defendants concede that Henderson did confer with them. Henderson asks for sanctions against counsel for lying about the fact that Henderson had conferred with her, but counsel corrected the error, which one may do to avoid sanctions under Federal Rule of Civil Procedure 11. In any event, Henderson does not persuasively show that counsel knowingly made a false statement, as opposed to a simple error. And as I explain below, that error did not affect the discovery process here: Henderson fails to show that he is entitled to any documents that DOC defendants actually possess. So he isn't entitled to discovery sanctions.

The DOC defendants address the substance of Henderson's motion to compel by stating that they already gave Henderson all the relevant documents they possess. They produced the grant documentation for the College of the Air program, but they don't have a copy of Henderson's contract or the screening forms that Henderson seeks. They also note that Henderson dd not specifically ask for a copy of his contract or the screening forms in discovery. They do not have copies of any of the exhibits that Henderson sought to be authenticated, but

2

defendant Jelle states that she has personal knowledge of the authenticity of two "Interview/Information Request" forms, so the DOC defendants stipulate to the authenticity of those documents. And they have neither of the two grievances Henderson seeks: they no longer possess the 2009 document because all pre-2011 grievance records have been destroyed, and the 2018 grievance number Henderson provides does not match any grievance in the DOC's system. The DOC defendants say that they should not have to disclose their Rehab Act and ADA certification, and I agree: I did not allow Henderson to proceed on claims under these theories and there isn't any reason to think that this certification would be relevant to his age-based equal protection claims. Because the DOC defendants' discovery responses are adequate, I will deny Henderson's motion to compel against this set of defendants.

2. **MATC defendants**

Henderson seeks to compel discovery from the defendants associated with Milwaukee Area Technical College (MATC). His motion is technically deficient because both his discovery requests and his motion to compel were filed when there were no MATC-related parties active in the case. Henderson initially brought claims against Milwaukee Area Technical College (MATC) and the John or Jane Doe MATC president. I dismissed the college from the case in March 2020, Dkt. 53. The Doe president, later identified as multiple defendants—current or former presidents Vicki J. Martin, Michael L. Burke, and Darnell E. Cole—did not join the case until April 2021 when they waived service of the complaint. Henderson served his discovery requests and filed his motion to compel during the period after MATC had been dismissed and the Doe president was still unidentified. I cannot grant a motion to compel discovery against parties who were not part of the case at the time of the requests or even the motion to compel itself. So I will deny this part of Henderson's motion to compel.

Nonetheless, the MATC Doe presidents were identified relatively late in the proceedings and Henderson's requests should not be difficult to answer. I'll direct the now-identified MATC defendants to respond to Henderson's interrogatories and requests for production of documents as if they were newly submitted. They are free to raise objections to the requests as if they were responding to them for the first time. But for the most part, Henderson's request are fairly straightforward. When there wasn't a MATC defendant active in the case, counsel for the MATC defendants responded to Henderson's requests, objecting to interrogatories about operation of the College of the Air program and even the term "College of the Air Prog." as "undefined, vague, and ambiguous." Dkt. 78-3, at 4–5. Those are likely no longer plausible objections given the MATC defendants' detailed discussion of the College of the Air program in their summary judgment motion. One set of requests that they do not need to respond to is Henderson's requests about "black-to-white inmates enrolled in College of the Air." *Id.* at 7, 13. This case isn't about racial discrimination so these requests aren't relevant.

   3. **CEA defendant**

Henderson also seeks to compel discovery from Susan Lockwood-Roberts, the current president of Correctional Education Association, Inc. (CEA). But Henderson doesn't provide Lockwood-Roberts's discovery responses or explain the deficiencies with those responses. So I will deny his motion to compel regarding Lockwood-Roberts.

B. **Supplement to the complaint**

In my previous order, I gave Henderson a final chance to send discovery requests to defendants to identify the remaining Doe defendants: the UW System and CEA presidents during the time at issue in the case. Dkt. 76.

Henderson has filed a proposed supplement to the complaint, Dkt. 87, in which he identifies the Doe UW defendants: former UW System Presidents Kevin P. Reilly, Richard J. Telfer, and Raymond W. Cross; and former UW Board of Regents Presidents Mark J. Bradley, Charles R. Pruitt, Michael J. Spector, Brent P. Smith, and Michael J. Falbo. I will grant Henderson leave to amend his complaint to include these officials. Counsel for the UW System have already filed a motion for summary judgment on behalf of these defendants.

Henderson does not identify Doe CEA presidents in his supplement, so I will dismiss the Doe CEA president from the case.

In his supplement, Henderson also appears to be attempting to add new federal defendants, former United States Attorneys General Eric Holder and Michael Mukasey and a new cause of action under the Higher Education Opportunity Act. But I've previously explained that Henderson cannot proceed on equal protection *Bivens* claims against federal officials. Dkt. 53, at 8. And the Higher Education Act of 1965 (HEA), 20 U.S.C. § 1070 et seq., does not provide for a private cause of action, even after amendments like the 2008 Higher Education Opportunity Act. *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002) (collecting cases); *Paine Coll. v. S. Ass'n of Colleges & Sch. Comm'n on Colleges, Inc.*, 342 F. Supp. 3d 1321, 1332 (N.D. Ga. 2018) (HEA does not provide private cause of action after 2008 amendments). So I will not allow Henderson to amend his complaint to include claims against Holder or Mukasey.

C. **Remaining schedule**

Henderson and each set of defendants have filed motions for summary judgment. The court set a combined briefing schedule for all of the summary judgment motions, with the next round of briefing being Henderson's opposition to defendants' motions. Henderson has filed

5

motions for extension of time to complete his responses. Dkt. 132 and 133. Defendants jointly ask for an extension of their deadline to file a combined response to Henderson's motion and reply to their own motions. Dkt. 131.

Henderson says that prison officials have confiscated some of his outgoing mail, including his summary judgment opposition brief and a motion for extension of time; that a lockdown has slowed his litigation efforts; and that prison officials and this court are blocking him from filing documents: he says that DOC staff won't let him have a pen or pen insert in segregation, and that the court has returned filings in pencil as unreadable.

I'll start with Henderson's complaint about the lack of a pen. He is correct that this court has returned documents to him written in pencil or crayon because they became unreadable after prison officials scanned them and emailed them to the court. *See* Dkt. 125 and 130 (letters from the clerk of court to Henderson directing him to mail copies of documents that were unreadable in scanned form). The DOC defendants explain that they have barred segregation inmates from using pens or pen inserts because of security concerns, stating that segregation inmates "have a tendency to misuse pens and pen inserts in ways that undermine the safety and security of staff, other inmates, and the institution." Dkt. 136, at 3. Henderson says that he hasn't misused pens or pen inserts himself, but that isn't the relevant issue. This case isn't about the writing implements afforded inmates or prison officials' efforts to make scans readable. I would intervene in DOC policies only if Henderson's right of access to the courts were being violated. He hasn't shown that's the case here. He has no inherent right to pens so that he can use the court's e-filing process. When he has mailed his documents written in pencil or crayon, they have been readable, and there's no indication that Henderson is financially unable to submit documents by mail or that prison staff is barring him from using

legal loans to pay for postage. Going forward, any documents Henderson writes in pencil or crayon should be mailed to the court. He is still free to use the e-filing process to submit evidentiary materials such as copies of printed documents.

Regardless of the writing-implement policy, prison staff may not confiscate Henderson's court filings. The DOC defendants say that the officers Henderson accuses of confiscating his summary judgment opposition brief—Captains Cushing and Elsinger—were both on leave during the period this court set for defendants to brief Henderson's motion about the confiscation, but there is no other record of items being confiscated, Henderson's mail is not being monitored, and they note that Henderson has not filed a grievance about this alleged confiscation. In reply, Henderson says that prison officials including Cushing and Elsinger have stated that his brief was confiscated because it was written in ink (presumably with a contraband implement) and that his mail is being monitored.

The DOC defendants' filing makes clear that Cushing and Elsinger are now back from leave, so I will give them a short time to submit declarations responding to Henderson's allegations. If they indeed possess a copy of the brief, they should e-file it or mail it to the court. Regardless, I will grant Henderson's motion for extension of time to file his summary judgment opposition materials, including a pencil- or crayon-written brief if his previous copy no longer exists.

Taking into account the deadline for the MATC defendants to respond to Henderson's discovery requests, the remaining summary judgment briefing schedule will be as follows:

- Henderson's materials opposing defendants' motions for summary judgment: August 23, 2021.

- Defendants' combined response to Henderson's motion and reply to their own motions: September 3, 2021.

7

- Henderson's reply to his own motion: September 13, 2021.

This pushes summary judgment briefing past the August 23, 2021 trial date. Defendants have jointly filed a motion to stay the trial date and associated pretrial submission deadlines. Dkt. 139. I will grant that motion, strike those dates, and reset the schedule should the case survive summary judgment.

ORDER

IT IS ORDERED that:

1. Plaintiff Titus Henderson's motion for sanctions, Dkt. 126, is DENIED.

2. Plaintiff's motion to compel discovery, Dkt. 78, is DENIED.

3. The MATC defendants may have until August 9, 2021, to respond to plaintiff's discovery requests.

4. The caption is AMENDED to include as defendants Kevin P. Reilly, Richard J. Telfer, Raymond W. Cross, Mark J. Bradley, Charles R. Pruitt, Michael J. Spector, Brent P. Smith, and Michael J. Falbo.

5. Defendant Doe CEA president is DISMISSED from the case.

6. The DOC defendants may have until July 23, 2021, to submit declarations from Captains Cushing and Elsinger regarding plaintiff's allegations of mail tampering.

7. The parties' motions for extension of their respective summary judgment briefing deadlines, Dkt. 131–133, are GRANTED. Defendants' joint motion to stay the schedule, Dkt. 139, is GRANTED. The trial date and associated pretrial submission deadlines are STRUCK. The summary judgment briefing schedule is AMENDED is stated in the opinion above.

Entered July 9, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge